OPINION
The plaintiffs-appellants, John and Linda Hemphill ("appellants"), appeal the judgment of the trial court denying their claim for declaratory judgment, injunctive relief, and motion for certification as a class action. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows. The appellants are residents of Paris Township, Union County, Ohio, but live outside the boundaries of the City of Marysville. The appellee is the City of Marysville ("the city"). The City of Marysville is located almost entirely within the boundaries of Paris Township.
In July of 1999, the city publicly announced its intention to purchase certain acreage along Raymond Road for the eventual construction of an up ground reservoir and supporting buildings.[1] The reservoir is needed to help meet the water needs of the city for the next fifty years. The land in question is within the boundaries of Paris Township, but not within the boundaries of the city. The appellants own the land directly across from the proposed site.
After the Marysville City Council voted to purchase said acreage, the appellants filed a complaint in the Union County Court of Common Pleas seeking declaratory judgment on several issues and injunctive relief. The appellants asked the trial court to declare that (1) the city was not a public utility, and hence, could not use Section 519.211 of the Ohio Revised Code, and related statutes, to bypass the Paris Township zoning ordinances and procedures; (2) the city did not enjoy automatic governmental immunity, and hence could not ignore the township zoning ordinances and procedures; and (3) if the city did follow both zoning ordinances and procedures, they would not receive authority to construct an up ground reservoir on the intended acreage. The appellants also filed a motion for certification as a class action. They provided the court with the signatures of over sixty people, similarly situated (i.e. land owners in close proximity to the reservoir site), indicating their desire to join in this action to protest the construction of the reservoir.
The trial court granted the appellants' motion for a temporary restraining order preventing the city from closing a purchase agreement on the real estate in question and set the matter for full hearing on all the issues on October 22, 1999. After the hearing the trial court issued a judgment entry, dated November 10, 1999, which denied all the claims for relief requested by the appellants and granted judgment for the city. It is from this judgment that the appellants now appeal asserting five assignments of error.
Assignment of Error No. 1
 The trial court erred in failing to certify this action as a class action, requiring a recovery of monetary damages before certification.
 Assignment of Error No. 2
 The trial court erred in determining that this matter was not an appropriate case for injunction, alleging adequate remedy at law.
 Assignment of Error No. 3
 The trial court erred in finding that as the City of Marysville's intended reservoir is a public utility, and the City therefore does not need to apply for a permit from the Paris Township Board of Zoning Appeals, or to otherwise follow Paris Township Zoning regulations.
 Assignment of Error No. 4
 The trial court erred in finding that, pursuant to the Brownfield test, the interests of the City of Marysville would outweigh the interest of the surrounding property owners, and that governmental immunity would apply to the City of Marysville, negating any need to follow zoning procedures in Paris Township.
 Assignment of Error No. 5
 The trial court's findings deny the plaintiffs, and those similarly situated, due process of law and equal protection of the law, in violation of the U.S. and the Ohio Constitutions, in leaving them no procedure to protest actions by a governmental entity already outside their voting control.
In the interest of clarity and brevity, we will address the appellant's third assignment of error first. The appellants are arguing that since the proposed site for the reservoir is located in Paris Township, the city should be required to apply for a permit from the Paris Township Board of Zoning Appeals or to otherwise follow the zoning regulations. The trial court held that the city's proposed reservoir was a public utility and therefore, the city did not have to abide by the zoning regulations of Paris Township. For the following reasons, we agree with the trial court.
The Ohio Constitution explicitly states that "any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service." Section 4, Article XVIII, Ohio Constitution. Revised Code § 519.211 expressly exempts public utilities from township zoning regulation and land use controls. A B RefuseDisposers, Inc. v. Ravenna Twp. Bd. of Trustees (1992), 64 Ohio St.3d 385.
The issue in this case is whether the proposed reservoir qualifies as a public utility. While not specifically defined in R.C. § 519, the Supreme Court of Ohio has made the following pronouncement concerning public utilities. "An entity may be characterized as a public utility if the nature of its operation is a matter of public concern, and membership is indiscriminately and reasonably made available to the general public." Marano v.Gibbs (1989), 45 Ohio St.3d 310.
There is no disagreement as to the fact that a water supply system is a matter of public concern. The disagreement comes in the determination of whether the water is made available to the general public. The appellants argue that since the reservoir will only provide water to the residents of the City of Marysville it is not available to the general public, and therefore, is not a public utility. The limitations the city has set concerning their water supply are not unreasonable. Under the appellants' theory, the city's water supply would have to supply anyone who requested such without any limitations whatsoever in order to qualify as a public utility. This is clearly unreasonable and runs afoul of common sense.
The water supply system in question here is clearly a public utility and therefore, the trial court correctly held that the city did not have to comply with the zoning regulations of Paris Township. Accordingly, the appellants' third assignment of error is overruled.
The finding that the appellants' third assignment of error is overruled renders the appellants' first, second and fourth assignments moot. Therefore, this Court will not address these issues.
In their fifth assignment of error, the appellants allege that they have been denied due process of law and equal protection as guaranteed by the Ohio and United States Constitutions. They argue that the trial court's decision has cut off their access to the courts. However, the appellants offer no support for this assertion and it is without merit.
The fact that the appellants were able to file their complaint and receive a temporary restraining order and a full hearing in this matter clearly shows that they were not denied access to the courts. Accordingly, the appellants' fifth assignment of error is overruled.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, J.J., concur.
[1] The reservoir will not be built until the year 2006.